FILED
2012 Oct-05  AM 09:43
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TAMMY HORTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 5:12-cv-02962-CLS** |
| | ) | |
| **UNITED FOOD AND** | ) | |
| **COMMERCIAL WORKER'S** | ) | |
| **UNION** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court *sua sponte* to determine whether subject matter jurisdiction exists after the defendant removed the case from an Alabama state court. Plaintiff, Tammy Horton, filed the underlying complaint in the District Court of Morgan County, Alabama, on August 9, 2012, seeking the sum of $10,000 plus court costs.[1]  In support of her claim, plaintiff's complaint alleged the following:

> Discrimination after knowledge handbag attack & what I have on file gambling, tattling etc[.], plus Gary on mic telling & avoiding to let me mic them while me asking them to listen to what I have on mic, also avoiding police station[.][2]

That sentence constitutes the only indication of the factual or legal basis for plaintiff's suit.

---

[1] Doc. no. 1-1 (State Court Complaint), at 1.

[2] *Id.*

Defendant, United Food and Commercial Worker's Union ("United Food"), was served on August 22, 2012,[3] and filed a notice of removal with this court on September 12, 2012.[4]  From the allegations quoted above, United Food somehow divined that plaintiff seeks damages "for conduct of Defendant Union in regards to a grievance the Union filed on behalf of Plaintiff, arising out of a collective bargaining agreement between Defendant Union and Plaintiff's Employer, Wayne Farms Decatur West."[5]  United Food asserts that removal is proper because this court has federal question jurisdiction.[6]  Specifically, United Food claims that the suit is "governed by the National Labor Relations Act, 29 U.S.C. § 151 *et seq*., and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185."[7]

## I. DISCUSSION

District courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. The Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting

---

[3] *Id.* at 7.

[4] Doc. no. 1 (Notice of Removal), at 1-2.

[5] *Id.* at 1 ¶ 2.

[6] Note that, because plaintiff only seeks $10,000 in damages, diversity jurisdiction cannot exist because the amount-in-controversy requirement is not satisfied.

[7] Doc. no. 1, at 1 ¶ 3.

2

*Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)); *see also, e.g., Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000) ("Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases.") (citing *Univ. of S. Ala.*, 168 F.3d at 409-10).

Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831, 119 S. Ct. 2295, 2307, 144 L. Ed. 2d 715 (1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)); *see also, e.g.*, *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (stating that "a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises"); *Galindo-Del Valle v. Attorney General*, 213 F.3d 594, 598 n.2 (11th Cir. 2000) (observing that federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); *Kutner v. Kutner*, 656 F.2d 1107, 1110 (5th Cir. 1981) ("[I]t is the duty of the court to determine on its

own motion whether it has jurisdiction of any case before it.");[8] *Emp'rs Mut. Cas. Co. v. Evans,* 76 F. Supp. 2d 1257, 1259 (N.D. Ala. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Further, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.,* 168 F.3d at 410. Such an inquiry is mandated, at least in part, because the removal of actions instituted in a state court to a federal forum implicates fundamental concerns of state sovereignty and federalism. Therefore, the court must analyze whether it has authority to entertain the instant suit.

A.      The "Well-Pleaded Complaint Rule"

The Eleventh Circuit observed in *Smith v. GTE Corp.*, 236 F.3d 1292 (11th Cir. 2001), that:

> Under the federal question jurisdiction statute, 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule*, "which provides that federal jurisdiction exists *only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.*" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (emphasis supplied). A well-pleaded complaint presents a federal question where it "establishes

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

4

either that federal law creates the cause of action or that the plaintiff's
right to relief necessarily depends on resolution of a substantial question
of federal law." *Franchise Tax Board* [*of the State of California*] *v.
Construction Laborers Vacation Trust for S*[*outhern*] *Cal*[*ifornia*], 463
U.S. 1, 27-28, 103 S. Ct. 2840, 2856, 77 L. Ed. 2d 420 (1983).

*Smith*, 236 F.3d at 1310 (alteration and emphasis supplied).

The powerful, "well-pleaded complaint rule" has emerged from a concern for

state court sovereignty.  *See Franchise Tax Bd.*, 463 U.S. at 10.  The well-pleaded

complaint rule provides that a case "must be determined from what necessarily

appears in the *plaintiff's statement of his own claim* in the bill or declaration, unaided

by anything alleged in anticipation of avoidance of defenses which it is thought the

defendant may interpose."[9]  *Id.* (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76

(1914)) (emphasis supplied).  As the Supreme Court succinctly stated:

> For better or worse, under the present statutory scheme as it has existed

---

[9]Seventy-five years before its decision in *Franchise Tax Board*, the Supreme Court explained this principle in *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908), in the following manner:

> [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based on those laws or that Constitution.  It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States.  Although such allegations show that very likely, in the course, of the litigation, a question would arise, *they do not show that the suit, that is, plaintiff's original cause of action, arises under the Constitution.*

*Id.* at 152 (emphasis supplied).

5

> since 1887, *a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law.* "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the *plaintiff's* cause of action."

*Franchise Tax Bd.*, 463 U.S. at 10-11 (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)) (emphasis added).

The clear implication of the well-pleaded complaint rule, then, is that any "[d]oubts concerning removability are to be resolved against removal and in favor of remand." *Ala. Dep't of Envtl. Mgmt. v. S. Clay and Energy*, 737 F. Supp. 80, 81-82 (N.D. Ala. 1990); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941).

Thus, removal on the basis of a federal question cannot be sustained unless the allegations contained within the four corners of a plaintiff's complaint at the time of removal support such jurisdiction. *See Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918); *see also Franchise Tax Bd.*, 463 U.S. at 10. Stated differently, if the allegations in the present plaintiffs' complaint do not satisfy the requirements of 28 U.S.C. § 1441, the action "cannot be made removable by any statement in the petition for removal or in subsequent pleadings by defendant." *Great N. Ry. Co.*, 246 U.S. at 281.

Here, to whatever extent that plaintiff asserts an intelligible legal claim, the

6

complaint does not present a federal question on its face. Therefore, this case does not arise under federal law through the ordinary operation of the well-pleaded complaint rule.

## B.     Complete Preemption as an Exception to the Well-Pleaded Complaint Rule

There is, however, a narrow exception to the well-pleaded complaint rule based on the doctrine of complete preemption. Under that doctrine, Congress can so fully legislate in a particular area that any complaint raising claims in that area is "necessarily federal in character" and, therefore, the action is removable on the basis of federal question jurisdiction. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Ervast v. Flexible Prods.Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003); *Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). In other words, "[i]f a *state law claim* is completely preempted [by an Act of Congress], courts are required to recharacterize the claim as one arising under federal law for purposes of determining removal jurisdiction." *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1353 (11th Cir.1998) (emphasis supplied).

In the present case, the federal statutes relied upon by the removing defendant are the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. However, in order for these

federal laws to (even possibly) preempt a complaint's state law claim, thus making the case properly removable to federal court, *there must first be some comprehensible state law claim to preempt*. Put differently, if there is no "claim to recharacterize as one arising under federal law," there can be no complete preemption, and thus no removal. With that in mind, it is worth reiterating the complete text of plaintiff's complaint:

> Discrimination after knowledge handbag attack & what I have on file gambling, tattling etc[.], plus Gary on mic telling & avoiding to let me mic them while me asking them to listen to what I have on mic, also avoiding police station[.][10]

These allegations are simply unintelligible. When faced with a complaint such as this, the court ordinarily would dismiss the case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. However, because the court cannot make out any claim within the four corners of the complaint, there is no state law claim that could be completely preempted and, thus, no jurisdiction to justify removal.[11]

---

[10] Doc. no. 1-1, at 1.

[11] For an analogous situation, see *Nichols v. Se. Health Plan of Ala., Inc.*, 859 F. Supp. 553, 559 (S.D. Ala. 1993) ("Because this case falls within the safe harbor, no ERISA plan is created. Since there is no ERISA plan, ERISA does not preempt plaintiff's state law claims. Because there is no preemption, this court lacks subject matter jurisdiction."). Here, because there is no comprehensible state law claim plead, as a matter of logic the Labor-Management Relations Act and National Labor Relations Act have nothing to preempt. Because there is no preemption, there is no subject matter jurisdiction.

Admittedly, this posture is odd, creating something of a "Catch-22." On one hand, when neither the requirements of diversity jurisdiction nor the well-pleaded complaint rule are met, the court must determine if *some*, possibly preempt-able state law claim is pled in order to assess its jurisdiction under the complete preemption doctrine. There must be some minimum relationship between the alleged state law claim and the federal law that the defendant claims is preemptive. By finding no such relationship because there simply is no state law claim pled, the court essentially admits that the complaint is ripe for dismissal under Rule 12(b)(6).

Yet that conclusion immediately divests the court of any authority to dismiss the very complaint which it just found lacked a cognizable claim, because an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831, 119 S. Ct. 2295, 2307, 144 L. Ed. 2d 715 (1999) (citing *Citizens for a Better Env't*, 523 U.S. at 88-89). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410; *see also id.* at 411 ("[T]he district court should have resolved the issue of subject matter jurisdiction before reaching the merits of *any* other issue[.]") (emphasis supplied).

In cases where there is a possibility of remand, a court should adjudicate the jurisdictional issue before proceeding to other matters, including dispositive issues

or motions. *See*, *e.g.*, *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1300 (11th Cir. 1999) ("Instead of entertaining the motions . . . to compel arbitration, and to stay further proceedings pending arbitration, the court should have remanded these cases to Alabama circuit court based on want of subject matter jurisdiction."); *Univ. of S. Ala.*, 168 F.3d at 407-09, 412-14 (remanding case to state court and vacating an order of dismissal urged by the state Attorney General, who argued that he was the proper plaintiff under state law, when diversity jurisdiction did not exist); *Nichols v. Se. Health Plan of Ala., Inc.*, 859 F.Supp. 553, 559 (S.D. Ala. 1993) (holding that motions to dismiss cannot be ruled upon when remand is proper); *see also Cunningham v. BHP Petroleum Great Britain*, 427 F.3d 1338, 1244-46 (10th Cir. 2005) (affirming the district court's finding that it lacked subject matter jurisdiction, but vacating all of the district court's post-removal orders, reversing the dismissal of the case, and remanding to the district court for remand to state court); *In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959) (stating that, when confronted with a plaintiff's motion to remand and a defendant's motion to dismiss, the better practice is to rule first on the motion to remand and, if granted, to then remit the motion to dismiss to the state court); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1185 (9th Cir. 2002) (reversing the district court's dismissal of the action, and remanding with instructions to remand to state court because the district court lacked

10

subject matter jurisdiction); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 192 (5th Cir. 1989) (reversing and vacating "all actions taken by the district court," and remanding with instructions to remand to state court because the district court lacked jurisdiction).

Moreover, a removing defendant bears the burden of proving that federal jurisdiction exists. *See, e.g.*, *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citing *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). Ironically, the elusive, imprecise, and incomprehensible character of plaintiff's complaint makes it virtually impossible for United Food to carry its burden. Thus, in accordance with 28 U.S.C. § 1447(c), the court will remand this case, although such action should not be considered an opinion "about the proceeding's futility in state court." *Univ. of S. Ala.*, 168 F.3d at 410.

On remand, the state court is free to attempt to unearth a state law claim lurking in the complaint, or to elicit a claim in the course of additional proceedings. Should further pleadings, motions, orders, or other papers in the state court clarify the nature

of the plaintiff's claim(s) so as to justify federal jurisdiction, the defendant may again undertake removal in accordance with 28 U.S.C. § 1446(b)(3).

## II. CONCLUSION

For the reasons stated herein, the court, *sua sponte*, REMANDS this case to the district court of Morgan County, Alabama. Consequently, the motions for limited admission *pro hac vice* for David W. Garrison[12] and George E. Barrett[13] are DENIED as MOOT. The clerk is directed to close this file, and to send certified copies of this opinion to the clerk of the state court and to the plaintiff.

DONE and ORDERED this 5th day of October, 2012.

_____
United States District Judge

---

[12] Doc. no. 4.

[13] Doc. no. 5.

12